UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>          Plaintiff,<br><br>   vs.<br><br>WILLIAM VOIGHT, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY WENDLING, CORRECTIONS OFFICER SGT. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; SAMUEL YOST, CORRECTIONS OFFICER, CPL. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, UNIT MANAGER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JOHN DOE #1, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOE #2, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>          Defendants. | 4:14-CV-04111-LLP<br><br><br><br>ORDER ON PLAINTIFF'S MOTIONS:<br><br>MOTION FOR COPIES (DOC. 16)<br>MOTION FOR COUNSEL (DOC. 17)<br>MOTION FOR PRETRIAL CONFERENCE (DOC. 19) |

**INTRODUCTION**

Plaintiff, Shane D. Bell ("Bell") filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983. He has been granted *in forma pauperis* status and has, as required, paid the initial partial filing fee. Judge Simko determined the allegations in

Bell's Complaint were sufficient to survive screening pursuant to 28 U.S.C. § 1915.

Bell alleges the defendants have violated his Constitutional rights in various ways. In Count I, he alleges the defendants violated the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, Bell alleges he was assaulted by a fellow inmate and that, although he eventually had surgery for his injuries, the defendants ignored his serious medical need for eight days before he received treatment.

In Count II, Bell alleges another violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, he alleges the defendants retaliated against him when they subjected him to chain restraints while in the infirmary and did not allow him to use the toilet for long periods of time, causing him pain and sometimes causing him to soil himself. He also alleges the defendants took and read his legal journal.

## PENDING MOTIONS

### A.     Motion for Copies (Doc. 16)

On October 9, 2014, Bell wrote nearly identical letters to both Judge Piersol and Judge Simko. *See* Doc. 16 and 18. The letter to Judge Piersol was docketed as a motion for copies. The gist of both letters is Bell's plea for the court's assistance in obtaining photocopy privileges from prison administration so he may comply with the requirement, contained in this Court's Order for Service, that he "serve upon defendants . . . or  . . .upon their attorney . . . a copy of every further pleading or other document submitted for consideration

by the Court."  Bell asserts he is not being allowed to make photocopies, so he cannot properly proceed with his lawsuit.  He states "prison officials are trying to manipulate this case and your court by hindering my ability to file documents with the courts."  Since he filed his motion for copies, however, Bell has filed several other motions or documents which include certificates of service indicating he did send copies to opposing counsel.  *See* Doc. 17, 19 and 20.  Bell's motion for copies will be granted in part and denied in part pending an explanation by defendant Young.  Young shall file an Affidavit responding to Bell's assertion within 30 days of the filing of this Order.  Young's Affidavit shall explain the current prison policy at the SDSP regarding how many legal copies (excluding case law) are allowed to Bell per month, the procedure Bell should follow for requesting legal copies, which prison personnel are responsible for making legal copies, how many "kites" Bell has filed requesting legal copies since the inception of this pending lawsuit (Civ. 14-4111, United States District Court, District of South Dakota, Southern Division)  and how many legal copies have been provided to Bell since the inception of this pending lawsuit.

**B.     Motion For Counsel (Doc. 17)**

Next, Bell moves for appointment of Counsel (Doc. 17).  "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996) (citation omitted).  "Rather, when an indigent prisoner has pleaded a nonfrivolous cause of action, a court '*may*' appoint counsel.  *See* 28 U.S.C. § 1915(e)." *Phillips v. Jasper County Jail*,

3

437 F.3d 791, 794 (8th Cir. 2006) (citations omitted, emphasis in original). The factors relevant to evaluating a request for appointment of counsel include "whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Davis v. Scott,* 94 F.3d 444, 447 (8th Cir. 1996).

This case is not factually complex. Bell alleges violations of the Eighth Amendment because he was assaulted and because his injuries went untreated for eight days. He also alleges retaliation because prison officials chained him to his bed in the infirmary and would not allow him to use the bathroom.

This case is not legally complex. The law regarding Bell's Eighth Amendment claim is well-settled and requires that Bell "prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw,* 198 F.3d 645, 647 (8th Cir. 1999). A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad,* 73 F.3d 174, 176 (8th Cir. 1995) (quotation marks and citation omitted). The law further provides that "[d]eliberate indifference may be demonstrated by prison guards who intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs. Mere negligence or medical

4

malpractice, however, are insufficient to rise to a constitutional violation." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976)).

Like all individuals untrained in the law, Bell may benefit from the assistance of counsel, but the court does not find it necessary to appoint counsel in this matter. The court would not benefit from the assistance of counsel at this point in the proceedings. Bell, although incarcerated, is able to investigate the facts of his claim. It is not clear at the present time whether there will be conflicting testimony in this case. The legal issues involved do not appear to be complex at this point in the proceedings. Bell's motion for counsel will be denied without prejudice.

**C.    Motion For Pretrial Conference (Doc. 19)**

Finally, Bell moves for a pretrial conference. In his motion, Bell proposes a pretrial conference to: (1) discuss the nature and basis of the parties' claims and defenses and the possibilities for prompt settlement or resolution of the case; (2) the make or arrange for initial disclosures required under Rule 26(a)(1); and (3) to develop a proposed discovery plan.

It appears the conference Bell requests is the parties' Rule 26(f) meeting. Pursuant to FED. R. CIV. P. 26(a)(1)(B)(iv) and South Dakota Local Rule 16.1 (11), pretrial conference procedures are inapplicable to actions brought without an attorney by persons in the custody of the United States, a state or a state subdivision. Bell's Motion for a pretrial conference, therefore, will be denied.

## CONCLUSION and ORDER

For the reasons more fully explained above, IT IS ORDERED:

(1) Bell's motion for copies is (Doc. 16) **GRANTED** in part.  Defendant Young, is ORDERED to file, within 30 days of this Order, an Affidavit addressing the following issues:

    (A)  the current prison policy at the SDSP regarding how many legal copies (excluding case law) are allowed to Bell per month;

    (B)  the procedure Bell should follow for requesting legal copies;

    (C) which prison personnel are responsible for making legal copies;

    (D) how many "kites" Bell has filed requesting legal copies since the inception of this pending lawsuit (Civ. 14-4111, United States District Court, District of South Dakota, Southern Division); and

    (E) how many legal copies have been provided to Bell since the inception of this pending lawsuit.

The balance of Bell's motion for copies is **DENIED** without prejudice.

(2) Bell's motion for appointment of counsel (Doc. 17) is **DENIED** without prejudice.

(3) Bell's motion for pretrial conference (Doc. 19) is **DENIED**.

DATED this 4th day of November, 2014.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge