UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>    Plaintiff,<br><br>vs.<br><br>WILLIAM VOIGHT, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY WENDLING, CORRECTIONS OFFICER SGT. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; SAMUEL YOST, CORRECTIONS OFFICER, CPL. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, UNIT MANAGER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JOHN DOE #1, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOE #2, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>    Defendants. | 4:14-CV-04111-LLP<br><br><br>ORDER:<br><br>GRANTING DEFENDANTS' MOTION FOR STAY DOCKET NO. 33; AND<br><br>DENYING PLAINTIFF'S MOTION FOR DISCOVERY DOCKET NO. 28; AND MOTION TO EXTEND TIME FOR DISCOVERY DOCKET NO. 36 |

   This matter is before the court on plaintiff Shane Bell's complaint pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights.  See Docket No. 1.  The district court, the Honorable Lawrence L. Piersol, referred this case to this magistrate judge for

determination of pretrial motions pursuant to 28 U.S.C. § 636(b)(1)(A) and the October 16, 2014, standing order of the Honorable Karen E. Schreier.

Defendants have filed a motion to stay discovery until such time as the court decides the issue of whether defendants are entitled to immunity from suit pursuant to the qualified immunity doctrine. See Docket No. 33. Mr. Bell resists this motion by arguing the merits: i.e. he argues that defendants are not, in fact, entitled to qualified immunity. See Docket No. 39. Also pending are motions by Mr. Bell for discovery and to extend time for discovery. See Docket Nos. 28 and 36. There is presently no motion before the court which asks for a determination on the merits as to whether defendants are entitled to qualified immunity.

The doctrine of qualified immunity protects prison officials not just from ultimate liability in a suit, but from the litigation itself, including the process of discovery. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Courts have "'repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" O'Neil v. City of Iowa City, 496 F.3d 915, 917 (8th Cir. 2007) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)). Defendants state an intent to place the issue of qualified immunity before the court. The court finds defendants' motion to stay discovery appropriate and will grant it. See Contracting NW, Inc. v. City of Fredericksburg, Iowa, 713 F.2d 382, 387 (8th Cir. 1983) ("[T]he district court ha[s] the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and

provide for a just determination of the cases pending before it." (citation omitted)).

Accordingly, based on the foregoing, it is hereby

ORDERED that plaintiff's motions for discovery and to extend the time for discovery [Docket Nos. 28 & 36] are denied. It is further

ORDERED that defendants' motion to stay discovery [Docket No. 33] is granted. Defendants have until **March 2, 2015** to submit a dispositive motion on the issue of qualified immunity. Plaintiff Mr. Bell must submit a response to such motion within **21 days** following service of the motion on him. Defendants shall thereafter have **14 days** to file a reply thereto.

DATED this 15th day of January, 2015.

BY THE COURT:

/s/ Veronica L. Duffy
_____
VERONICA L. DUFFY
United States Magistrate Judge