UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>    Plaintiff,<br><br> vs.<br><br>WILLIAM VOIGHT, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY WENDLING, CORRECTIONS OFFICER SGT. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; SAMUEL YOST, CORRECTIONS OFFICER, CPL. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, UNIT MANAGER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JOHN DOE #1, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOE #2, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>    Defendants. | 4:14-CV-04111-LLP<br><br><br><br><br><br>ORDER ON PLAINTIFF'S MOTIONS:<br><br>MOTION FOR PRELIMINARY INJUNCTION (DOC. 30);<br>MOTION FOR COPIES (DOC. 41);<br>MOTION FOR WAIVER (DOC. 47);<br>MOTION FOR RECUSAL &<br>TO COMPEL (DOC. 52); AND<br>MOTION FOR SUBPOENAS (DOC. 56) |

## INTRODUCTION

Plaintiff, Shane D. Bell ("Bell") filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Bell alleges the defendants have violated his Constitutional rights in various ways. In Count I, he alleges the defendants violated the

Eighth Amendment prohibition against cruel and unusual punishment. Specifically, Bell alleges he was assaulted by a fellow inmate and that, although he eventually had surgery for his injuries, the defendants ignored his serious medical need for eight days before he received treatment.

In Count II, Bell alleges another violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, he alleges the defendants retaliated against him when they subjected him to chain restraints while in the infirmary and did not allow him to use the toilet for long periods of time, causing him pain and sometimes causing him to soil himself. He also alleges the defendants took and read his legal journal. Defendants have filed a motion for summary judgment on the issue of qualified immunity. See Docket No. 44. The court entered an order staying all discovery until that motion is determined. See Docket No. 40. This order addresses a number of other motions filed by Mr. Bell.

## PENDING MOTIONS

### A. Motion for Copies (Doc. 41)

Mr. Bell filed an identical motion for copies previously. See Docket No. 16. The court addressed that motion by ordering defendants to respond with information about any limitations on legal copies and the procedure to obtain legal copies. See Docket No. 25. Defendants did so thereafter. See Docket No. 32. Defendants explained that there was no limit on the number of legal copies a prisoner could obtain, and explained the procedure for obtaining those copies. Id.

Mr. Bell's current motion is duplicitous and raises no new issues or facts. Defendants responded to Mr. Bell's current motion stating that the procedure described in their earlier filing remains the same. See Docket No. 43. Accordingly, this motion by Mr. Bell is denied.

**B.     Motion For Preliminary Injunction (Doc. 30)**

Next, Bell moves for a preliminary injunction. (Doc. 30). In light of defendants' pending summary judgment motion and this court's staying of discovery until the issue of qualified immunity is resolved, any motion seeking a ruling on the merits of Mr. Bell's claims is premature. The court denies Mr. Bell's request for a preliminary injunction at this stage of the litigation. Should one or more of Mr. Bell's claims survive the pending motion for summary judgment, he is free to renew his request for a preliminary injunction at a later date.

**C.     Motion For Waiver (Doc. 47)**

Mr. Bell moves the court for an order holding that defendants waived their opportunity to file a motion for summary judgment on the issue of qualified immunity because they did not make their motion timely. See Docket No. 47. The court, in granting defendants' motion for a stay, ordered defendants to file their summary judgment motion no later than March 2, 2015. See Docket No. 40. Defendants filed their motion for summary judgment on February 27, 2015. See Docket No. 44. Accordingly, defendants' motion *was* timely and the court denies Mr. Bell's motion for waiver.

**D.     Motion for Recusal and to Compel (Docket No. 52)**

Mr. Bell files a motion seeking an order that the Attorney General's ("AG") office must be recused from representing defendants in this matter. See Docket No. 52. Mr. Bell asserts that the AG's office has a conflict of interest in that defendant Jeremy Wendling submitted a false affidavit in this case, the AG's office should be investigating Mr. Wendling for this conduct, and charging him with a crime. Defendants responded to this motion by stating that they have read the motion and can assure the court that they perceive no conflict of interest between them and their counsel of record. The court agrees. This motion is denied.

Mr. Bell's further requests for an investigation by the FBI and for production of a video are also denied. Mr. Bell is free to contact the FBI directly, if he wishes, to request an investigation. As to the discovery request, this court has stayed all discovery and Mr. Bell's request is contrary to the court's order. Further, even if discovery were being allowed at this juncture, Mr. Bell's request for discovery would be denied as it is not in compliance with Fed. R. Civ. P. 37 requiring the service of a formal discovery request on defendants first, a good-faith effort on the part of the parties to resolve any differences they have regarding that discovery request, and a certification that good faith efforts to resolve the discovery dispute have been pursued and have not been fruitful. See FED. R. CIV. P. 37(a)(1).

**E.     Motion for Subpoenas (Docket No. 56)**

Finally, Mr. Bell moves the court for the issuance of subpoenas.  See Docket No. 56.  In this motion, he seeks various things:  a subpoena for a corrections officer, a subpoena for an inmate, and a subpoena for his medical records.  The court denies the first two.  No trial date or evidentiary hearing is currently scheduled and one will not be scheduled until the pending summary judgment motion is resolved.

Mr. Bell's medical records, however, are highly relevant to both the merits of his claims and to defendants' claims of qualified immunity.  The court will order defendants to make copies of Mr. Bell's medical records for the relevant time frames from both prison medical staff and from any outside medical staff who attended Mr. Bell.  Those copies shall be turned over to Mr. Bell as soon as possible.  Mr. Bell shall have 21 days from the date those records are given to Mr. Bell to respond to defendants' summary judgment motion.  Mr. Bell must, if necessary, execute appropriate releases to enable defendants to obtain his medical records.  Defendants shall notify the court when they have complied with this order.

## CONCLUSION

For the reasons more fully explained above, it is hereby

ORDERED that plaintiff Shane Bell's Motion for Preliminary Injunction [Docket No. 30], Motion for Copies [Docket No. 41], Motion for Waiver [Docket No. 47], and Motion for Recusal [Docket No. 52] are all denied.  It is further

5

ORDERED that Mr. Bell's Motion for Subpoenas [Docket No. 56] is granted in part and denied in part. Mr. Bell's request for subpoenas for persons is denied. Mr. Bell's request for a subpoena for his medical records is granted. The court will not issue a subpoena, but does order defendants to provide Mr. Bell with a complete copy of his medical records for the relevant time frames from both prison medical staff as well as outside treating sources. Mr. Bell shall execute any necessary releases in order to effectuate this order. Defendants shall notify the court of the date Mr. Bell's medical records are provided to him. Mr. Bell shall have 21 days thereafter to respond to defendants' summary judgment motion.

DATED April 21, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge