UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| SHANE DOUGLAS BELL,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM VOIGHT, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JEREMY WENDLING, CORRECTIONS OFFICER SGT. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; SAMUEL YOST, CORRECTIONS OFFICER, CPL. AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JESSICA COOK, UNIT MANAGER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; JOHN DOE #1, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; DARIN YOUNG, WARDEN AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY; AND JOHN DOE #2, CORRECTIONS OFFICER AT SOUTH DAKOTA STATE PENITENTIARY, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>　　　　　Defendants. | 4:14-CV-04111-LLP<br><br><br><br><br><br>ORDER ON PLAINTIFF'S MOTIONS:<br><br>MOTION FOR TEMPORARY RESTRAINING ORDER (DOC. 67)<br>AND<br>MOTION FOR ORDER ALLOWING CONTACT WITH THE FBI (DOC. 65) |

## INTRODUCTION

Plaintiff, Shane D. Bell ("Bell") filed a *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Bell alleges the defendants have violated his Constitutional rights in various ways. In Count I, he alleges the defendants violated the

Eighth Amendment prohibition against cruel and unusual punishment. Specifically, Bell alleges he was assaulted by a fellow inmate and that, although he eventually had surgery for his injuries, the defendants ignored his serious medical need for eight days before he received treatment.

In Count II, Bell alleges another violation of the Eighth Amendment prohibition against cruel and unusual punishment. Specifically, he alleges the defendants retaliated against him when they subjected him to chain restraints while in the infirmary and did not allow him to use the toilet for long periods of time, causing him pain and sometimes causing him to soil himself. He also alleges the defendants took and read his legal journal. Defendants have filed a motion for summary judgment on the issue of qualified immunity. See Docket No. 44. The court entered an order staying all discovery until that motion is determined. See Docket No. 40. This order addresses two other motions filed by Mr. Bell.

## PENDING MOTIONS

**A.    Motion for Temporary Restraining Order (Doc. 67)**

Previously, Mr. Bell filed a motion for a preliminary injunction which the court denied. The court likewise denies Mr. Bell's motion for a temporary restraining order ("TRO").

Rule 65 of the Federal Rules of Civil Procedure governs the issuance of preliminary injunctive relief and temporary restraining orders. That rule provides in pertinent part as follows:

> (a)  Preliminary Injunction
>    (1)  *Notice.*  The court may issue a preliminary injunction only on notice to the adverse party.
> * * * *
> (b)  Temporary Restraining Order
>    (1)  *Issuing Without Notice.*  The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>       (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>       (B)  the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

See FED. R. CIV. P. 65.  TROs are limited to a maximum of 14 days' duration.  Id. at (b)(2).  A party moving for a TRO must give monetary security in an amount sufficient to pay the costs and damages to any party later found to have been wrongfully enjoined or restrained.  Id. at (c).

In order to obtain preliminary injunctive relief, Mr. Bell is required to show (1) a likelihood of success on the merits, (2) that he will suffer irreparable harm in the absence of preliminary injunctive relief, (3) that the balance of equities tips in his favor, and (4) an injunction is in the public interest.  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).  Applying Rule 65 and the Winter factors, it is clear that Mr. Bell has not shown an entitlement to either form of preliminary relief.

First, Mr. Bell has not shown that he will be irreparably injured absent the issuance of a TRO.  The court will decide the merits of Mr. Bell's complaint as outlined in defendants' motion for summary judgment.  Mr. Bell fails to allege how or why that procedure is insufficient to protect him from irreparable harm—how the harm to him will be different or greater if relief is not accorded

now as opposed to later.  The second reason Mr. Bell's motion fails is that he has not posted monetary security as required by Rule 65.  Accordingly, the court denies Mr. Bell's motion for a TRO.

**B.      Motion to Allow Unmonitored Letters to the FBI**

Mr. Bell moves the court for an order requiring prison officials to allow him to write letters to the Federal Bureau of Investigations without prison officials opening the letters first to see what is contained in the envelope.  See Docket No. 65.  Mr. Bell alleges he wishes to contact the FBI to ask them to investigate alleged abuses at the prison.

Mr. Bell encloses a copy of prison regulations indicating that letters to law enforcement, including presumably the FBI, are not considered by the prison to be "privileged" mail.  Because his letters to the FBI are not "privileged," Mr. Bell suggests that the letters will be opened and the information in them disseminated by the letter openers.

Prison officials have good reasons for limiting the definition of privileged mail.  Chief among these reasons are preventing contraband from entering the prison and preventing situations from developing that may pose a threat to security within the prison.  The court will not enter an order contrary to prison regulations based on the meagre showing by Mr. Bell in support of this motion.

## CONCLUSION

For the reasons more fully explained above, it is hereby

ORDERED that plaintiff Shane Bell's Motion for a TRO [Docket No. 67] and his Motion for an Order as to FBI correspondence [Docket No. 65] are all denied.

DATED July 6, 2015.

BY THE COURT:

*(signature)*

VERONICA L. DUFFY
United States Magistrate Judge
